DONNIE DONELL TUNSTALL,　　　　　:

　　　　　Petitioner,

　　v.　　　　　　　　　　　　　　:

UNITED STATES OF AMERICA,

　　　　　Respondent.　　　　　　:

Case Nos. 3:00-cr-50, 3:16-cv-208

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART
UNITED STATES MAGISTRATE JUDGE'S SUBSTITUTED REPORT AND
RECOMMENDATIONS (DOC. #90); SUSTAINING IN PART AND
OVERRULING IN PART PETITIONER'S OBJECTIONS THERETO (DOC.
#91); DISMISSING WITH PREJUDICE MOTION TO VACATE SENTENCE
PURSUANT TO 28 U.S.C. § 2255 (DOC. #56); DENYING CERTIFICATE OF
APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*;
JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST
PETITIONER; TERMINATION ENTRY

---

This matter is currently before the Court on Petitioner Donnie Tunstall's Objections, Doc.

#91, to United States Magistrate Judge Michael R. Merz's Substituted Report and

Recommendations, Doc. #90, which recommended that the Court dismiss Tunstall's Motion to

Vacate Sentence Pursuant to 28 U.S.C. § 2255, Doc. #56, as untimely. For the reasons set forth

below, the Court sustains those Objections in part, overrules them in part, and dismisses

Tunstall's Motion to Vacate on other grounds.

Tunstall, who pleaded guilty to Armed Bank Robbery and Use of a Firearm During and

in Relation to a Crime of Violence, was classified as a career offender under the United States

Sentencing Guidelines ("USSG") § 4B1.1. On May 9, 2001, he was sentenced to 240 months

imprisonment, followed by five years of supervised release. His first Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 was denied on October 17, 2006. Doc. #48.

On June 3, 2016, Tunstall filed a second Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. Doc. #56. The second motion was filed within one year after the Supreme Court issued its decision in *Johnson v. United States*, —U.S.—, 135 S. Ct. 2551, 2563 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson* applied retroactively to cases on collateral review. In *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), the Sixth Circuit extended the reasoning in *Johnson* to the substantially-similar residual clause of the "career offender" provision (§ 4B1.2) of the Sentencing Guidelines.

In his second Motion to Vacate, Tunstall argued that, because he no longer had two qualifying convictions under USSG § 4B1.1, he could not be deemed a career offender, and his sentence was unconstitutionally invalid. On September 8, 2016, the Sixth Circuit found that Tunstall had made a *prima facie* showing that he may be entitled to relief under *Johnson*. It therefore authorized this district court to consider Tunstall's second or successive § 2255 motion, but instructed the court to hold it in abeyance pending a decision by the Supreme Court in *Beckles v. United States.* Doc. #62. In *Beckles*, contrary to the Sixth Circuit's holding in *Pawlak*, the Supreme Court held that, given the discretionary nature of the advisory Sentencing Guidelines, they "are not amenable to a vagueness challenge," *Beckles v. United States*, — U.S.—, 137 S. Ct. 886, 894 (2017). *Beckles*, in effect, overruled the Sixth Circuit's decision in *Pawlak*.

Tunstall nevertheless argued that *Beckles* did not bar his claim, because he was sentenced in 2001, when the Sentencing Guidelines were still mandatory, not advisory. Accordingly, he maintains that the rationale set forth in *Beckles* is inapplicable, and urges the Court to find that the mandatory Sentencing Guidelines in effect at the time of his sentencing *are* subject to a void-for-vagueness challenge. Doc. #64.

In response, the Government argued that Tunstall's claim was nevertheless foreclosed because: (1) in light of *Beckles*, his petition does not meet the statutory requirements for second or successive petitions under 28 U.S.C. § 2255(h)(2) and § 2244; (2) the pre-*Booker* Guidelines are not subject to a vagueness challenge under *Johnson*, *see United States v. Matchett*, 802 F.3d 1185, 1194-96 (11th Cir. 2015); and (3) the claim is barred by *Teague v. Lane*, 489 U.S. 288 (1989). Doc. #75.

Section 2255(h)(2) provides that a second or successive motion to vacate "must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Section 2244(b)(2)(A) likewise provides that a claim presented in a second or successive petition must be dismissed unless "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Although the Sixth Circuit earlier found that Tunstall had made a *prima facie* showing that he may be entitled to relief under *Johnson*, and authorized the district court to consider the second or successive claim, the district court must make an independent determination of whether the claim satisfies the requirements of § 2244. *See* 28 U.S.C. § 2244(b)(4); *In re Embry*, 831 F.3d 377, 378 (6th Cir. 2016).

On August 14, 2017, while Tunstall's second or successive Motion to Vacate was pending, the Sixth Circuit issued a decision in *United States v. Raybon*, 867 F.3d 625 (6th Cir. 2017). Like Tunstall, Raybon was deemed a career offender under USSG § 4B1.1 and, based on *Johnson*, he moved to vacate his sentence under § 2255. Like Tunstall, Raybon argued that, because he was sentenced when the Sentencing Guidelines were deemed mandatory, *Beckles* did not bar his § 2255 motion.

In contrast to Tunstall, however, Raybon's motion to vacate was not a second or successive motion. At issue in *Raybon* was whether the motion to vacate was timely filed under 28 U.S.C. § 2255(f). That subsection sets forth the events that trigger the running of AEDPA's one-year statute of limitations. Based on *Johnson*, Raybon argued that his motion was timely, having been filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 (f)(3).

In rejecting this argument, the Sixth Circuit noted that, in *Beckles*, the Supreme Court expressly stated that it was not addressing the pre-*Booker* mandatory Guidelines scheme, and Justice Sotomayor, in her concurring opinion, stated that the opinion "leaves open the question" whether defendants who were sentenced pre-*Booker* could mount vagueness attacks. *Raybon*, 867 F.3d at 629-30 (quoting *Beckles*, 137 S. Ct. 894, 903 n.4) (Sotomayor, J., concurring in the judgment)). The Sixth Circuit concluded that "[b]ecause it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* at 630 (emphasis in original) (quoting 28 U.S.C. § 2255(f)(3)). Given that Raybon had failed to satisfy the requirements of 28 U.S.C. § 2255(f)(3), the court found that his motion was untimely.

In his Substituted Report and Recommendations, Doc. #90, Magistrate Judge Merz recommended that this Court do the same, and dismiss Tunstall's motion with prejudice because it was untimely. Doc. #90, PageID#562. He noted that Tunstall's motion was filed more than eleven years after his conviction became final. *Id.*

Tunstall has filed Objections to the Substituted Report and Recommendations, Doc. #91. In addition to arguing that *Raybon* was wrongly decided[1], he contends that, because the Government herein has never argued that his motion was untimely, any argument based on a statute-of-limitations defense should be deemed waived. The Court agrees with Tunstall, and sustains Tunstall's Objections on that limited basis.

Nevertheless, *Raybon* dictates the outcome of this case. Although the Government has not asserted a statute-of-limitations defense, it *has* argued that Tunstall's petition does not meet the statutory requirements for second or successive motions under 28 U.S.C. § 2255(h)(2). The Government maintains that, in light of *Raybon*, Tunstall's claim cannot be deemed to be based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *See also* 28 U.S.C. § 2244(b)(2)(A) (using identical language in setting forth grounds for a second or successive application).

*Raybon* held that, because it is an "open question" whether a person sentenced under the mandatory pre-*Booker* Sentencing Guidelines may mount a vagueness challenge to the residual clause of §4B1.1, this cannot be deemed a "right . . . newly recognized by the Supreme Court

---

[1] Assuming, purely arguendo, that Petitioner's premise is correct, this Court <u>must</u> follow binding Sixth Circuit authority.

and made retroactively applicable to cases on collateral review" as required to trigger the one-year statute of limitations under § 2255(f)(3). 867 F.3d at 630.

The language of § 2255(h)(2) is slightly different, requiring a claim asserted in a second or successive motion to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Nevertheless, numerous courts have held that, for all intents and purposes, the "newly recognized" right referred to in § 2255(f)(3) is the same as the "new rule of constitutional law" referred to in § 2255(h)(2). *See Headbird v. United States*, 813 F.3d 1092, 1095 (8th Cir. 2016) (noting that although the terminology in these two subsections is "slightly different, it seems unlikely that Congress meant to trigger the development of a new body of law that distinguishes rights that are 'newly recognized' from rights that are recognized in [a] 'new rule' under established retroactivity jurisprudence."); *Donnell v. United States*, 826 F.3d 1014, 1016 (8th Cir. 2016) ("Section 2255(h)(2) should be construed *in pari materia* with § 2255(f)(3), as the limitations provision undoubtedly was designed to accommodate second or successive motions authorized under § 2255(h)(2)."); *United States v. Green*, No. 4:01-cr-0397, 2017 WL 3485784, at *1 n.7 (M.D. Pa. Aug. 15, 2017) (noting that courts have treated the language in the two subsections in a similar manner).

Accordingly, although the holding in *Raybon* was based on § 2255(f)(3), it applies equally to § 2255(h)(2). Given that Tunstall's second or successive motion is not based on "a new rule of constitutional law, made retroactive to cases on collateral review," 28 U.S.C. § 2255(h)(2), it must be dismissed on that basis. *See* 28 U.S.C. § 2244(b)(2)(A). Tunstall's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, Doc. #56, is therefore DISMISSED WITH PREJUDICE.

Judgment shall be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned cases are hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 28, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE